## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TODD GROOM,

    Plaintiff,

vs.

ARMY FLEET SUPPORT LLC,

    Defendant.

)
)
)
)
)
)
)

Civil Action No. 1:16-CV-683-MHT-GmB

**JURY DEMAND**

---

## COMPLAINT

### I. JURISDICTION

1.  This is a suit regarding termination of employment instituted pursuant to the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq.,* and for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Todd Groom ("Plaintiff") timely filed his charge of discrimination against defendant Army Fleet Support LLC ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter.

## II. **PARTIES**

3.   Plaintiff is a citizen of the United States over the age of nineteen and a resident of Dothan, Alabama.

4.   Defendant is a corporation headquartered in Mississippi and an employer as that term is contemplated under the ADA and FMLA.

## III. **FACTS**

5. In or about February of 2008, Plaintiff became employed by Defendant at Fort Rucker, Alabama.

6.   Plaintiff's last position was mechanic.

7.   In or about 1989, Plaintiff lost his right leg below the knee in an accident.

8.   Plaintiff was hospitalized approximately three weeks as a result.

9.   In or about late 2014, a physician prescribed Plaintiff a new prosthesis for his leg.

10.   Plaintiff consulted a licensed and Certified Prosthetist/Orthotist for the provision, adjustment and maintenance of the prosthesis.

11.   The prosthesis caused Plaintiff to develop blisters, which worsened due to his lack of feeling in the area.

12.   When that happened, Plaintiff would be immobilized until the blister healed.

13. Plaintiff also began to develop phantom pain in the leg more often.

14. From November of 2014 to early January of 2015, Plaintiff was off of work on approved short term disability due to these problems.

15. Plaintiff returned to work in January and applied for FMLA leave for absences caused by his leg.

16. Defendant approved the FMLA leave request for intermittent leave for self care from February 10, 2015 through February 9, 2016.

17. Plaintiff was out of work due to his leg most of February of 2015 and into May.

18. Plaintiff called in or sent a text message to his supervisor every day he missed.

19. On or about May 7, 2015, Elizabeth Neering in Defendant's Human Resources office called Plaintiff and told him that he was running out of FMLA.

20. Plaintiff told her that he thought that he had four weeks left.

21. Neering told Plaintiff that he should consider going back on Short Term Disability.

22. Plaintiff told Neering that he thought that he would be able to return to work the following Monday, May 11, 2015.

3

23. However, that weekend Plaintiff developed another blister and could not return to work.

24. On May 11 through 13, 2015, Plaintiff sent text messages to his supervisor advising that he was taking FMLA days.

25. On or about May 14, 2015, Plaintiff sent a text message to Nate (last name unknown), the second in command for Defendant at Cairns Field, that he was taking an FMLA day.

26. Nate sent Plaintiff a text message back stating that he (Plaintiff) needed to contact the union shop steward because Nate could not put Plaintiff in for FMLA effective May 13.

27. Steve Crum with the union called Plaintiff that same day and said that Plaintiff needed to come to the union hall to discuss his FMLA leave and to bring his "letter."

28. Plaintiff told Crum that he was laid up with a blister and that he would come in as soon as he was mobile.

29. On or about May 18, 2015, Plaintiff's blister was better and he sent a text message to Louie (last name unknown), the union shop steward, to set up the meeting.

30. The next day, Crum sent Plaintiff a text message stating that the meeting was set for May 20.

4

31. On or about May 20, 2015, Plaintiff went to the union hall.

32. Present were Neering, Penny Poole (Defendant's Labor Relations Manager), and Mike Lawson (also in management with Defendant).

33. Poole asked Plaintiff for his FMLA "letter."

34. Plaintiff told her that he did not bring it.

35. Poole said that they had a "letter" that said Plaintiff could only miss 2-5 days on FMLA and that he had "slipped through the cracks."

36. Poole gave Plaintiff a letter dated May 13 that said he was terminated for job abandonment because he was supposed to have returned to work May 11 but that he called in with FMLA absences May 11, 12, and 13 and they were not authorized absences.

37. This was not true.

38. Plaintiff's absences on May 11-13 were covered under company policy and the FMLA.

39. Plaintiff told them that he had developed a blister on his leg and could not work those days.

40. Poole said that there was another employee with a missing leg "walking up and down the hill" and asked Plaintiff what his problem was.

5

41.  Plaintiff told Poole that he had gotten a new prosthesis for his leg and would like to explain what the problem was with it.

42.  Poole said that she did not want to hear it.

43.  Lawson said that Plaintiff had been getting a "free pass" and had "abused" his FMLA leave.

44.  Defendant never requested that Plaintiff obtain a certification from a health care provider to cover his absences other than the one referenced above.

## IV. CAUSES OF ACTION

### COUNT I- ADA

45.  Paragraphs 1-44 are incorporated herein.

46.  Plaintiff's amputation constituted a plaintiff physical impairment under the ADA.

47.  Due to this impairment, Plaintiff was substantially limited with respect to major life activities of walking and standing.

48.  Plaintiff was and is disabled under the ADA.

49.  Plaintiff was a qualified individual able to perform the essential functions of his position, with an accommodation.

50.  Defendant violated Plaintiff's rights under the ADA by (a) failing to provide a reasonable accommodation for his disability in not allowing him absences

6

that resulted in his termination, and/or (b) terminated his employment because of his disability and/or in retaliation for his seeking a reasonable accommodation for his disability.

51. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and ordering that Plaintiff be awarded an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate the ADA; and

7

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## FMLA

52.  Paragraphs 1-44 above are incorporated by reference.

53.  Defendant was a covered employer under the FMLA during the course of events set forth above.

54.  Plaintiff was an eligible employee under the FMLA during the course of events set forth above.

55.  Plaintiff's amputation and resulting condition constituted a serious health condition under the FMLA pursuant to 29 C.F.R. §825.114 in that it involved inpatient care at the time of Plaintiff's accident in 1989.

56.  Plaintiff's absences from work that were purported to have been the bases of his termination also constituted a serious health condition pursuant to 29 C.F.R. §825.114 in that it involved a subsequent period of incapacity under 29 C.F.R. §825.113(b) due to the same serious health condition.

57.  Plaintiff's amputation and resulting condition constituted a serious health condition under the FMLA pursuant to 29 C.F.R. §825.115(a) in that it involved a

period of incapacity in 1989 of more than three consecutive, full calendar days that also involved (1) treatment two or more times, within 30 days of the first day of incapacity by a health care provider, and/or (2) treatment by a health care provider on at least one occasion, which resulted in a regimen of continuing treatment under the supervision of the health care provider.

58. Plaintiff's absences from work that were purported to have been the bases of his termination also constituted a serious health condition pursuant to 29 C.F.R. §825.115(a) in that it involved a subsequent period of incapacity relating to the same condition.

59. Plaintiff's absences referenced above were FMLA-qualifying absences.

60. In reporting to the proper management employees of Defendant the cause for his absences referenced above, Plaintiff met his obligation of apprising them that his absences were likely FMLA-qualifying by "specifically referenc[ing] either the qualifying reason for leave or the need for FMLA leave," pursuant to 29 CFR §825.303(b).

61. Defendant' failure to designate these absences as FMLA-qualifying interfered with Plaintiff's FMLA rights, pursuant to 29 CFR §825.301(e).

9

62. In terminating Plaintiff, Defendant violated his rights under the FMLA by interfering with his FMLA rights and/or retaliating against him for availing himself of those rights.

63. As a result of the above described unlawful acts, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of Defendant's violation of his FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, ordering Defendant to pay liquidated damages, and ordering that Plaintiff be awarded an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and their agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

10

(iv)  That the Court award such other available legal and equitable relief as is warranted, including, but not limited to, an award of costs and expenses, attorney's fees, and expert witness fees.

Respectfully submitted,

Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

Attorney for Plaintiff

Defendant's Address:
Army Fleet Support LLC
c/o CT Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104